Sonny B. SOUTHERLAND, Sr., on his own behalf and on behalf of his minor children Ciara, Venus, Sonny, Jr., Nathaniel, Emmanuel, Kiam, and Elizabeth, Plaintiff–Appellant,

v.

Rudolph GIULIANI, Individually and as Mayor of the City of New York; Fred Levitan, Individually & as Regional Director of the New York City Regional office of Children & Family Services; Hattie L. Lucas, Individually & as director Parents'/Children's Rights Unit, ACS office of Advocacy; Viviane Demilly, Individually & as Deputy Director of Parents'/Children's Rights Unit of ACS office of Advocacy; Cyprian Belle, Individually & as Brooklyn Borough Director Field office of ACS; Ms. Giakas, as Supervisor ACS; Ms. Duran, as Deputy Director ACS; Ms. Akhazeti, as Supervisor ACS; Teressa Hardgrove, Supervisor ACS; F. Balon, Individually & as Supervisor ACS; Timothy Woo, Individually & as ACS Caseworker; Ronald Bateau, Individually & as ACS Case Manager; John and Jane Doe, as Agents of ACS; Arnold Elman, as Supervisor of office of Advocacy of ACS; Cyril E. Jermin, I & R Worker Unit of ACS; Daniel Turbow, Individually & as Brooklyn Family Court Judge; Michael A. Ambrosio, Individually & as a Former Brooklyn Family Court Judge; Joseph Lauria, Individually & as a Brooklyn Family Court Administrative Judge; Philip C. Segal, Judge, Individually & as a Brooklyn Family Court Judge; Corporation Counsel; Michael Hess, Individually & as Corporation Counsel; Gerald F. Harris, Individually & as Special assistant

Corporation Counsel; Jennifer Jones Austin, as associate General Counsel of New York City; Susan Jalowski, Esq., Individually & as Special assistant Corporation Counsel; Estajo Koslow, Esq., Individually & as Law Guardian, Agent for the Legal Aid Society; Molly Dieterich, Individually & as Social Worker and Agent for the Legal Aid Society; Richard Colodny, Esq., Individually & as assigned 18–B Attorney; Marc Berk, Esq., Individually & as assigned 18–B Attorney; Saint Joseph for Children and Families Services; Benedict Pierce, Individually & as Supervisor of St. Joseph; Joyce Baldwin, Individually & as a Foster Parent and Agent of St. Joseph; Edwin Gould for Children Services Inc.; Arthur Zanko, Individually & as Executive Director of Edwin Gould; Ted Marrinaro, Individually & as Supervisor of Edwin Gould; Cadija R. Tibbs, Individually & as Caseworker of Edwin Gould; Corlora Turnquest, Individually & as Caseworker of Edwin Gould; Alana Kay Gore, Individually & as Caseworker of Edwin Gould and John & Jane Doe as Agents of Edwin Gould; Regina Davis; Shakima Canty; Carolyn Lumpkin; and John Doe, Individually, Defendants–Appellees.

No. 00–7410.

United States Court of Appeals, Second Circuit.

Feb. 14, 2001.

Sonny B. Southerland, pro se.

Paul L. Herzfeld; Michael D. Hess, of counsel, Office of the Corporation Counsel of the City of New York, New York, NY,

for appellees Michael Hess, City of New York, Rudolph Guiliani, Administration For Children's Services, Nicholas Scopetta, Hattie Lucas, Viviane Demilly, Cyprian Belle, Gerald Harris, Jennifer Jones Austin, and Susan Jalowski.

Carolyn Cairns Olson, Assistant Attorney General of the State of New York; Eliot Spitzer, Attorney General, and Robert A. Forte, Deputy Solicitor General, of counsel, New York, NY, for appellees Family Court of the State of New York, Daniel Turbow, Michael A. Ambrosio, Joseph Lauria, Philip Segal, and Fred Levitan.

Joseph H. Farrell, Conway, Farrell, Curtin & Kelly, P.C., New York, NY, for appellees St. Joseph for Children and Family Services, and Benedict Pierce.

Ira L. Eras, Brooklyn, NY, for appellee Richard Colodny.

David E. Potter, Lazare Potter Giacovas & Kranjac LLP, New York, NY, for appellees Edwin Gould Services for Children, Arthur Zanko, Ted Mannarino, Cadija R. Tibbs, Carlora Turnquest, Alana Kay Gore.

Daniel Hughes, Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski (Erin A. O'Leary), New York, NY, for appellee Mark Berk.PLS. START HERE

Appearing for Appellees Estajo Koslow and Molly Dieterich: William D. Buckley, Garbarini & Scher, P.C., New York, NY.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Pro se plaintiff Sonny Southerland filed suit in the United States District Court for the Eastern District of New York on behalf of himself and his minor children

against the City of New York, the Administration for Children's Services ("ACS"), and forty-one other defendants following the removal of his children from his custody. The complaint alleges violations of 42 U.S.C. § 1983 and various other federal and state law provisions. The district court granted the defendants' motions to dismiss and entered judgment in favor of the defendants. The plaintiff appeals.

The complaint alleges, *inter alia,* that ACS caseworker Timothy Woo wrongfully seized the plaintiff's children and removed them from his home and custody without a proper investigation of allegations of abuse and neglect. The complaint also alleges that the children were beaten in the foster care of defendant Joyce Baldwin.

The district court dismissed the claims in the complaint on various grounds, including failure to state a claim, lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine, Eleventh Amendment immunity, judicial immunity, and failure to plead certain matters with sufficient particularity.

■ Although we agree with most of the district court's order, we conclude that the district court erred in dismissing, for failure to state a claim, the plaintiff's § 1983 claims against ACS and the individual employees of ACS. The plaintiff's complaint alleges that Timothy Woo, an employee of ACS, removed the plaintiff's children from his home on June 9, 1997 and that the other named ACS employees were complicit with his actions. The district court dismissed the plaintiff's claim, stating that the defendants' actions "implicat[e] [the plaintiff's] interest in the custody of his children but [they do] not ris[e] to the level of termination of his parental rights."

We think that the complaint states a valid claim for a violation of the Fourteenth Amendment's Due Process Clause. In *Tenenbaum v. Williams*, 193 F.3d 581 (2d Cir.1999), we restated the fundamental principle that "[p]arents ... have a constitutionally protected liberty interest in the care, custody and management of their children." *Id.* at 593. This liberty interest is protected by both the substantive and procedural safeguards of the Due Process Clause of the Fourteenth Amendment. *See Kia P. v. McIntyre,* 235 F.3d 749, 758–59 (2d Cir.2000). We have never required-as the district court apparently did-that parental rights be completely or permanently terminated in order for constitutional protections to apply.

■ With respect to procedural due process rights, a state actor may not deprive a parent of the custody of his children without a pre-deprivation hearing unless the children are "immediately threatened with harm," in which case a prompt post-deprivation hearing is required. *Tenenbaum,* 193 F.3d at 594 (internal quotation marks omitted). We think that Southerland should be given an opportunity to prove either that no emergency justified the seizure of his children without a hearing or that the subsequent family court proceedings were insufficiently prompt to pass constitutional muster.

■ With respect to substantive due process rights, state seizure of children is constitutionally permitted only where "case workers have a 'reasonable basis' for their findings of abuse." *Wilkinson v. Russell,* 182 F.3d 89, 104 (2d Cir.1999) (quoting *van Emrik v. Chemung County Dep't of Social Servs.,* 911 F.2d 863, 866 (2d Cir.1990)). At the least, Southerland's complaint alleges that there was no reasonable basis for the seizure of his children.

■ We therefore conclude that the plaintiff's allegations state cognizable § 1983 claims against ACS and its employ-

ees for violations of procedural and substantive due process. We note that the district court's holding regarding the *Rooker–Feldman* doctrine does not provide an alternative basis for affirmance. The district court was correct that the *Rooker–Feldman* doctrine precludes federal court review of the New York state family court decisions subsequent to the seizure of Southerland's children, but it does not prevent a federal court from hearing claims that the plaintiff's constitutional rights were violated *prior* to the family court proceedings by the state's alleged failure to provide a pre-deprivation hearing or a prompt post-deprivation hearing, or by the allegedly unreasonable seizure of the children.[1]

We emphasize that our holding is limited to the claims made directly by Sonny Southerland. Although the children probably have similar claims,[2] we have held that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990) We leave it to the district court upon remand to determine whether Southerland should be given a chance to hire a lawyer for his children or to seek to have one appointed for them. We also leave it to the district court to adjudicate the defendants' denial of service of process.

■ We note one final set of issues that the district court may need to confront upon remand. The plaintiff's allegation that his children were abused in foster care by Joyce Baldwin may state an additional due process claim. It is well-established that a child in foster care has a liberty interest to be free from harm, and correspondingly, that the state has a duty to protect such children from harm. *See Doe v. New York City Dep't of Social Servs.*, 649 F.2d 134, 141 42 (2d Cir.1981); *see also Nicini v. Morra*, 212 F.3d 798, 808 (3d Cir.2000); *Lintz v. Skipski*, 25 F.3d 304, 305 (6th Cir.1994); *Norfleet v. Arkansas Dep't of Human Servs.*, 989 F.2d 289, 293 (8th Cir.1993); *Yvonne L. v. New Mexico Dep't of Human Servs.*, 959 F.2d 883, 891–93 (10th Cir.1992); *K.H. v. Morgan*, 914 F.2d 846, 848–49 (7th Cir.1990); *Taylor v. Ledbetter*, 818 F.2d 791, 795 (11th Cir.1987) (en banc). Whether a parent of a child abused in foster care has a claim of his or her own is an unsettled question in this Circuit, but the Third Circuit has recognized such a claim. *See Estate of Bailey v. County of York*, 768 F.2d 503, 509 n. 7 (3d Cir.1985), *abrogated on other grounds by DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The complaint appears to state this claim most directly against Baldwin, and less directly against St. Joseph for Children and Family Services, the social services agency that placed Southerland's children in Baldwin's care and supervised this placement. But we decline to address

---

1. We note that the complaint makes a sufficient allegation of a municipal "policy" for imposition of § 1983 liability on ACS. *See Tenenbaum*, 193 F.3d at 597 (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). In particular, the plaintiff alleges that "defendants have adopted and are presently pursuing (racially motivated) policies, practices, customs and procedures pursuant to which children are removed from their parents custody and placed in foster care in cases where

there is no threat of 'imminent danger' ... to child's life or health, on the basis of incompletely investigated allegations of neglect or abuse."

2. The children's claims for unreasonable seizure would proceed under the Fourth Amendment rather than the substantive component of the Due Process Clause. *See Kia P.*, 235 F.3d at 757–58.

these difficult issues for the first time on appeal. Instead, we instruct the district court to consider them in the first instance upon remand.

For the foregoing reasons, the judgment of the district court is hereby affirmed in part, vacated in part, and remanded for further proceedings consistent with this order.