**Robert Earl KEMP, Plaintiff–Appellant,**

v.

**Kurt JONES, et al., Defendants–Appellees.**

**No. 01–2744.**

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

Pro se Michigan prisoner Robert Earl Kemp appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit, without prejudice, for failure to exhaust administrative remedies. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive, and compensatory damages, Kemp sued six employees of the Carson City Correctional Facility. Kemp claimed that the defendants interfered with his legal mail, were

negligent in handling his mail, and retaliated against him.

The district court dismissed the suit, noting that—although Kemp had exhausted his other claims—Kemp had not exhausted his administrative remedies regarding his claim of retaliation.

In his timely appeal, Kemp argues that the district court erred by dismissing his suit. Kemp also moves the court for the appointment of counsel and for a certificate of appealability. The defendants have not filed a brief.

We review de novo the district court's dismissal of a civil rights action for failure to exhaust administrative remedies. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir. 2001).

The district court properly dismissed the complaint without prejudice for lack of exhaustion. The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997). "Prison conditions" or "conditions of confinement" includes retaliation claims. *Porter v. Nussle*, 534 U.S. 516, ——, 122 S.Ct. 983, 922, 152 L.Ed.2d 12 (2002).

The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Wyatt*, 193 F.3d at 878; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). "When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate." *Mack v. DeWitt*, 4 Fed.Appx. 36, 371 (6th Cir. 2002) (unpublished table decision). In the present case, the record shows that Kemp did not exhaust his administrative remedies with regard to his retaliation claim. The district court therefore properly dismissed his suit.

Accordingly, we deny all pending motions and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.