**Albert BOMER, Plaintiff–Appellant,**

v.

**Jeanette HAKOLA, et al., Defendants–Appellees.**

No. 03–1328.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2003.

Albert Bomer, pro se, Carson City, MI, for Plaintiff–Appellant.

Before BOGGS, Chief Judge; BATCHELDER and SUTTON, Circuit Judges.

### ORDER

This is a direct appeal from a judgment dismissing without prejudice a prisoner civil rights complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, Michigan inmate Albert Bomer filed a civil rights complaint (and amendment) on the authority of 42 U.S.C. § 1983 against six named corrections officials with respect to prison conditions. The district court ordered the complaint dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). This appeal followed.

The only question presented for appeal is whether the district court properly concluded that Bomer's complaint had to be dismissed for Bomer's failure to plead and prove the exhaustion of administrative remedies as required by § 1997e(a). This court reviews de novo a district court's decision to dismiss a complaint for failure to exhaust available administrative remedies under § 1997e(a). *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001). A de novo review of the record and law supports the decision on appeal.

On January 21, 2003, Bomer filed a complaint against four named employees of the Chippewa [Michigan] Correctional Facility: Jeanette Hakola, J. Case, R. Haas, and B.S. Lane. Bomer sued the four employees in their individual capacities for monetary damages in connection with an alleged conspiracy to effect unauthorized withdrawals from Bomer's prison account. Bomer filed an amendment to this complaint on February 6, 2003, in which he added as defendants Chippewa Warden Fabian LaVigne and employee Linda Lampton. These latter two individuals were also sued in their individual capacities for monetary damages for their roles in other unauthorized withdrawals and confiscations of Bomer's prison funds. Bomer appended documents to his complaint reflecting that he had unsuccessfully pursued prison grievances against Hakola and LaVigne. The grievance forms are silent as to the remaining four named defendants.

The district court sua sponte found that, while Bomer had exhausted his administrative remedies as to Hakola and LaVigne, he had failed to plead and prove that he had exhausted his administrative

remedies under § 1997e with respect to the remaining four defendants. The court then concluded that, in a case where the prisoner has only partially exhausted his prison remedies, the better practice was to dismiss without prejudice the entire complaint. Bomer takes issue with the entirety of the district court's decision on appeal.

The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if, as here, the prisoner is seeking monetary damages. 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The prisoner carries the burden to plead and demonstrate that he has exhausted all available administrative remedies. The prisoner should attach the decision or decisions containing the administrative disposition of his grievance to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000). When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is mandatory. *See* 42 U.S.C. § 1997e(a); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997) (order).

In the case at bar, the meager documentation accompanying Bomer's complaint supports the district court's assessment of Bomer's attempts to avail himself of the administrative remedies. Bomer's pro se appellate brief may be construed as an argument that the district court should have reached the merits of the exhausted claims against Hakola and LaVigne. A district court is free to address the merits of exhausted claims and dismiss only those that are unexhausted. *See, e.g., Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999).

Bomer, however, has not cited to any authority, and the court has been unable to locate any authority, for the proposition that a district court is required to cull out and address exhausted claims in a "mixed" civil rights complaint. The district court properly dismissed without prejudice Bomer's complaint so that he could pursue available administrative remedies.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.