14-3780 (L)
Southerland v. Woo

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand sixteen.

PRESENT:   ROBERT D. SACK,
                     RAYMOND J. LOHIER, JR.,
                     SUSAN L. CARNEY,
                           *Circuit Judges.*

------------------------------------------------------------------------------------

SONNY B. SOUTHERLAND, SR., VENUS SOUTHERLAND, SONNY B. SOUTHERLAND, JR., NATHANIEL SOUTHERLAND, KIAM FELIX, ELIZABETH FELIX,

                              *Plaintiffs-Appellees-Cross-Appellants,*

                    v.                                         No. 14-3780 (L)
                                                               No. 14-3841 (XAP)
                                                               No. 14-3961 (XAP)

TIMOTHY WOO, INDIVIDUALLY & AS ACS CASEWORKER,

                              *Defendant-Appellant-Cross-Appellee.**

------------------------------------------------------------------------------------

FOR PLAINTIFFS-APPELLEES-

---

* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

14-3780 (L), 14-3841 (XAP), 14-3961 (XAP)
Southerland v. Woo

CROSS-APPELLANTS VENUS
SOUTHERLAND, SONNY B.
SOUTHERLAND, JR., NATHANIEL
SOUTHERLAND, KIAM FELIX,
AND ELIZABETH FELIX:            MICHAEL G. O'NEILL, ESQ., Law Office of
                                Michael G. O'Neill, New York, NY.


FOR PLAINTIFF-APPELLEE-
CROSS-APPELLANT SONNY
B. SOUTHERLAND, SR.:            BRIAN KING, ESQ., KFIRM LLP, New
                                York, NY.


FOR DEFENDANT-APPELLANT-
CROSS-APPELLEE:                 FAY S. NG, *for* Zachary W. Carter,
                                Corporation Counsel for the City of New
                                York, New York, NY.


Appeal from a judgment of the United States District Court for the Eastern District of

New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment of the District Court is AFFIRMED.

Defendant-appellant-cross-appellee Timothy Woo appeals from a September 9, 2014

judgment of the United States District Court for the Eastern District of New York (Cogan, J.)

denying Woo's motion for judgment as a matter of law following a jury trial and awarding

plaintiff-appellee-cross-appellant Sonny B. Southerland, Sr. ("Southerland") $10,000 and his

five children (the "Southerland Children") $75,000 each in damages for their claims under 42

U.S.C. § 1983. Woo argues that (1) the District Court erred in concluding that he was not

entitled to qualified immunity on the plaintiffs' procedural due process and unlawful

2

seizure claims and (2) the plaintiffs' claims were barred by judicial estoppel.   Southerland and the Southerland Children challenge various decisions of the District Court prior to and during trial.   The Southerland Children challenge the Court's conclusion that Woo was entitled to qualified immunity on the unreasonable search claim.   We assume the parties' familiarity with the extensive facts and record of the proceedings since 1999, including our two prior opinions in this case, <u>Southerland v. Giuliani</u>, 4 F. App'x 33 (2d Cir. 2001) ("<u>Southerland I</u>") and <u>Southerland v. City of New York</u>, 680 F.3d 127 (2d Cir. 2012) ("<u>Southerland II</u>"), to which we refer only as necessary to explain our decision to affirm.

1.   <u>Procedural History</u>

By amended opinion dated May 14, 2012, we "vacate[d] the district court's grant of summary judgment as to [the plaintiffs'] claims for Fourth Amendment violations arising out of the allegedly unlawful search of the Southerland home; as to [the plaintiffs'] claims for violations of procedural due process under the Fourteenth Amendment; and as to the Southerland Children's claim for unlawful seizure under the Fourth Amendment." <u>Southerland II</u>, 680 F.3d at 162.   We remanded to the District Court to conduct "further proceedings" ranging, at its discretion, from "permit[ting] additional discovery" to allowing the case to "proceed to trial."   <u>Id.</u>   In vacating the grant of summary judgment as to the three claims referenced above, we made the following observations.   First, with respect to the unlawful search claims, we concluded "that genuine issues of material fact exist, both as

3

to whether Woo knowingly or recklessly made false statements in his affidavit to the Family Court and as to whether such false statements were necessary to the court's finding of probable cause." Id. at 148-49. Second, on Southerland's procedural due process claim and the Southerland Children's unreasonable seizure claims, which arose from the same operative facts, we reviewed the District Court's decision that Woo was entitled to qualified immunity.[1] Based on our review, we stated that we ultimately could not "conclude as a matter of law on the current record that it would have been objectively reasonable for Woo to believe that his actions did not violate the Children's constitutional right not to be removed from their home barring exigent circumstances" or "that Woo must prevail on the 'objectively reasonable' inquiry as to the violation of the [C]hildren's Fourth Amendment illegal seizure claims." Id. at 161. We therefore determined that "qualified immunity is unavailable to Woo at this stage on the current record." Id.

On remand, following a trial, a jury found that (1) Woo had violated the plaintiffs' Fourth Amendment right to be free from unreasonable searches when he entered their apartment on June 9, 1997, and (2) Woo had violated the plaintiffs' Fourth Amendment right to be free from unreasonable seizures and their Fourteenth Amendment right to due process of law when he removed the Children from their home that day. The District Court

---

[1] On the merits, the District Court indicated that a reasonable jury could render a verdict in favor of the Southerland Children on their Fourth Amendment seizure claim. Southerland II, 680 F.3d at 161.

4

sustained the jury's award of damages and denied Woo's motion for judgment notwithstanding the verdict as to the unreasonable seizure and procedural due process claims. By contrast, the District Court concluded that Woo was entitled to qualified immunity as to the unreasonable search claim.

### 2. Woo's Appeal

Consistent with our mandate in Southerland II, we now have the benefit of a jury verdict in connection with which the jury made several factual findings (including through special interrogatories).[2] It is clear to us that the able and experienced District Judge also carefully reviewed those findings and separately assessed the trial evidence before denying Woo's motion for judgment notwithstanding the verdict as to the unreasonable seizure and procedural due process claims. We affirm the District Court's decision to do so, for substantially the reasons set forth in its thorough "Amended Memorandum Decision" dated September 10, 2014.

### 3. The Plaintiffs' Cross-Appeals

On cross-appeal, Southerland and the Southerland Children challenge various decisions of the District Court. Both Southerland and the Southerland Children seek a new

---

[2] For example, the jury found that Woo and his fellow caseworkers never offered Southerland assistance in the form of services; that Woo did not accurately describe the conditions of the Southerland home to his supervisor before removing the children; and that one of Southerland's children never informed Woo, either directly or through his fellow caseworkers, that she had a puncture wound to her foot.

trial for a redetermination of their damages award, which they maintain was inadequate.

For his part, Southerland argues, among other things, that the District Court abused its discretion in denying a motion by his prior attorney, Brian King, for pro hac vice admission to the Eastern District of New York before trial. And the Southerland Children object to (1) the District Court's conclusion that Woo was entitled to qualified immunity on the unreasonable search claim, (2) the District Court's admission into evidence of print-outs from the New York City Family Court computer system, and (3) certain limitations the District Court placed on cross-examination. We have reviewed all of these arguments and conclude that they are without merit.

We have considered all of the parties' remaining arguments and conclude that they are also without merit. Accordingly, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court