RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0090p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

KIMMET LANCE RINARD,

*Plaintiff-Appellant,*

*v.*

No. 05-1150

TIM LUOMA, Warden, et al.,

*Defendants-Appellees.*

>

———————————

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 04-00231—Gordon J. Quist, District Judge.

Submitted: March 7, 2006

Decided and Filed: March 13, 2006

Before: SILER, BATCHELDER, and GIBBONS, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Kimmet Lance Rinard, Marquette, Michigan, pro se.

———————————

**OPINION**

———————————

ALICE M. BATCHELDER, Circuit Judge. Kimmet Rinard ("Rinard"), a Michigan state prisoner, appeals pro se a district court order dismissing without prejudice his civil rights action, filed pursuant to 42 U.S.C. § 1983, for failure to exhaust his administrative remedies. Rinard filed a complaint against eight employees of the Michigan Department of Corrections, alleging that the defendants had confiscated from his cell and refused to permit him to receive all books he ordered, in violation of his right to practice his religion. Rinard alleges that he worships Greek gods and goddesses, but the defendants have determined that he may not have materials depicting naked boys because he is incarcerated for criminal sexual conduct with boys under the age of thirteen.

The district court dismissed Rinard's complaint pursuant to 42 U.S.C. § 1997e(a) ("PLRA"), because Rinard had exhausted his administrative remedies with regard to only four of the eight named defendants. On appeal, Rinard concedes that he has not exhausted his remedies against four of the defendants, but argues that he should be able to amend his complaint to delete these defendants. Because this Court has ruled definitively that complaints that contain both exhausted and non-exhausted claims must be dismissed, we affirm. See *Jones Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005).

1

## I.

We review *de novo* the district court's dismissal of a PLRA case for failure to exhaust administrative remedies. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir. 2001).

Rinard relies on *Wilson v. Zak*, an unpublished opinion from the Eastern District of Michigan, in arguing that the district court should have followed our decision in *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999), which had dismissed the unexhausted claims, but allowed the exhausted claims to proceed. In *Hartsfield*, we addressed the exhausted claims and dismissed without prejudice the unexhausted claims. *Id.* at 309. But the defendants in *Hartsfield* did not raise on appeal the total/partial exhaustion question, and we did not address it. After *Hartsfield*, both this court and the lower courts continued to split on whether the PLRA requires total exhaustion in cases involving "mixed" complaints. *See Hubbard v. Thakur*, 344 F.Supp.2d 549, 558-59 (E.D. Mich. 2004) (rejecting total exhaustion rule); *Alexander v. Davis*, 282 F.Supp.2d 609, 610 (W.D. Mich. 2003) (rejecting total exhaustion rule); *Chamberlain v. Overton*, 326 F.Supp.2d 811, 816 (E.D. Mich. 2004) (applying total exhaustion rule); *Smeltzer v. Hook*, 235 F.Supp.2d 736, 739-40 (W.D. Mich. 2002) (applying total exhaustion rule).

In *Jones Bey v. Johnson*, we addressed and "definitively answer[ed] . . . whether the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." 407 F.3d at 805 (6th Cir. 2005). There, expressly joining the Eighth and Tenth Circuits, *id.* at 806, we held that the PLRA requires total exhaustion, and that exhaustion is "mandatory, even if proceeding through the administrative system would be 'futile.'" *Id.* at 805. We explained that we were adopting the total exhaustion rule "in large part, because the plain language of the statute dictates such a result." *Id.* at 807. The statute states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Even after *Jones Bey*, some confusion may have lingered as to this court's reading of the PLRA's exhaustion requirement in light of our decision in *Hartsfield*. Today we make clear that we continue to subscribe to the long-held standard that "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 559 (6th Cir. 2004) (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)). Thus, although the total/partial exhaustion question lurked amid the record in *Hartsfield*, that case did not address nor decide the issue so as to be binding upon this court. By contrast, *Jones Bey* definitively answered the question presented here and we now follow it.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.