## Nathaniel PORTER, Plaintiff,

v.

## Patricia CARUSO, et al., Defendants.

### No. 1:05–CV–562.

United States District Court,
W.D. Michigan,
Southern Division.

May 9, 2006.

Nathaniel Porter, Ionia, MI, pro se.

Julia R. Bell, MI Dep't. Attorney General (Corrections), Corrections Division, Lansing, MI, for Defendants.

### *ORDER*

ENSLEN, Senior District Judge.

Defendants David J. Burnett, Karen Bozung and M. Morris have objected to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of April 13, 2006, which denied their Motion to Dismiss. The subject of the Objection is a routine legal matter which does not require oral argument. *See* W.D. Mich. L. Civ. R. 7.2(d), 72.3(b).

Defendants' Objection is premised on the recent decision of the Sixth Circuit Court of Appeals in *Rinard v. Luoma,* 440 F.3d 361 (6th Cir. Mar.13, 2006), which stated, like the Sixth Circuit's earlier decision in *Jones Bey v. Johnson,* 407 F.3d 801 (6th Cir.2005), that at least some panels of the Sixth Circuit employ a total exhaustion rule and require compliance with the rule by district courts. While this is agreed, the Sixth Circuit has definitely not resolved this question for two reasons. First, the Sixth Circuit has not resolved the question by an *en banc* decision and

until it does, it may be argued to good force that both the *Rinard* and *Jones Bey* decisions are void because they contradict the first and binding decision of the Circuit in *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir.1999)—even though such later panels do not agree with that contention. Second, while the *Rinard* panel was requiring consistency with *Jones Bey* and not *Hartsfield*, it was oblivious to the United States Supreme Court's decisions in *Jones v. Bock*, —— U.S. ——, 126 S.Ct. 1462, 164 L.Ed.2d 246 (U.S. Mar.6, 2006) and *Williams v. Overton*, —— U.S. ——, 126 S.Ct. 1463, 164 L.Ed.2d 246 (2006) which granted certiorari to consider the Sixth Circuit's total exhaustion rule. The grant of certiorari indicates the agreement of at least four justices of the Supreme Court that the Sixth Circuit's exercise of the "total exhaustion" rule, contrary to the recent practice of other circuits, should be carefully reviewed. Further, the fact that the Supreme Court chose to review cases from the Sixth Circuit, as opposed to cases from the multiple circuits exercising the contrary rule, indicates that relief may be specifically directed as to the Sixth Circuit's exercise of the "total exhaustion" rule. If the Circuit's own experience as to the *Booker* and *Apprendi* issues is any guide, then the district courts must be careful to decide cases in a manner to afford substantial justice in light of the pending Supreme Court challenges and not delay the adjudication of legitimate causes or otherwise interfere with the Supreme Court's exercise of its jurisdiction. In other words, the exercise of the "partial exhaustion" rule while the Supreme Court decides this issue is, as a prudential matter, the best method for protecting the Supreme Court's jurisdiction over these cases. *Cf. United States v. Henningsen*, 387 F.3d 585, 591 (7th Cir. Oct.15, 2004) (staying mandate in sentencing case while the Seventh Circuit awaited a ruling by the Supreme Court in *Booker*).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants David J. Burnett, Karen Bozung and M. Morris' Objection (Dkt. No. 55) is **DENIED,** the Report and Recommendation (Dkt. No. 54) is **ADOPTED,** and Defendants' Motion to Dismiss (Dkt. No. 30) is **DENIED.**

## *REPORT AND RECOMMENDATION*

CARMODY, United States Magistrate Judge.

This matter is before the Court on *Defendants Burnett, Bozung and Morris' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies.* (Dkt.# 30). Defendant Parsons has adopted and incorporated this motion by reference, (dkt.# 50), and, therefore, the Court shall consider the present motion as being also filed by Defendant Parsons. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **denied.**

## *BACKGROUND*

Plaintiff asserts that he is an adherent of an ancient Egyptian religion known as Kemetic Spiritual Science. Plaintiff alleges that as part of his religious faith he legally changed his name to N. Kalonji Owusu I. Michigan Department of Corrections policy recognizes that prisoners may legally change their names. Specifically, MDOC policy provides that

> The commitment name shall be used on all official Department documents throughout the prisoner's incarceration and parole. A new legal name may be used in correspondence to a prisoner and other communications such as grievance responses. However, the commitment name must be used on all documents which affect the prisoner's sentence, such as a forfeiture or restoration of time, a parole order, and a sentence discharge or termination.

Commitment names and legal names shall be cross referenced at the information desk and mail room. All computerized records shall be cross referenced to the extent possible.

Mich. Dep't of Corr. Policy Directive 03.01.110 ¶ D.

Prisoners are entitled to receive—at their own expense—a new prisoner identification card "indicating both the commitment name and the new legal name." *Id.* at ¶ E. The Policy Directive further provides that MDOC employees having contact with the prisoner "should refer to the prisoner or parolee by the new legal name" and "prisoners and parolees shall not be forced to refer to themselves by their commitment name if they have a validly adopted new legal name." *Id.* at ¶ F.

In his complaint, Plaintiff asserts that Defendants have repeatedly failed to comply with the aforementioned Policy Directive, thus forcing Plaintiff to refer to himself by his former name. Plaintiff asserts that such actions violate his First Amendment right to freely practice his religion. Plaintiff also asserts that the dietary requirements of his religion are comparable to those observed in the Jewish faith. Accordingly, Plaintiff has requested to be placed on the kosher meal plan. Defendants have denied this request which Plaintiff asserts violates his First Amendment right to freely practice his religion.

On October 20, 2005, the Honorable Richard Alan Enslen determined that Plaintiff had failed to properly exhaust his administrative remedies with respect to the claims asserted against eleven defendants. (Dkt.# 4). However, rather than dismiss Plaintiff's entire complaint pursuant to the total exhaustion rule announced by the Sixth Circuit in *Jones Bey v. Johnson,* 407 F.3d 801 (6th Cir.2005), the court, finding that the *Jones Bey* decision is "void

under Sixth Circuit law," dismissed only those claims which had not been properly exhausted.

Asserting that the *Jones Bey* decision controls this matter, the remaining Defendants in this matter assert that Plaintiff's complaint must be dismissed in its entirety pursuant to the total exhaustion rule. Defendants also note that the Sixth Circuit, in *Rinard v. Luoma,* 440 F.3d 361 (6th Cir.2006), expressly rejected the rationale articulated by the district court. Specifically, the *Luoma* court expressly rejected the argument that the Sixth Circuit had previously declined to adopt the total exhaustion rule, thus rendering the *Jones Bey* decision of no consequence. In this respect, the *Luoma* court stated

> In *Jones Bey v. Johnson,* we addressed and 'definitively answer[ed] ... whether the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims'... There ... we held that the PLRA requires total exhaustion ... Thus, although the total/partial exhaustion question lurked amid the record in *Hartsfield,* that case did not address nor decide the issue as to be binding upon this court. By contrast, *Jones Bey* definitively answered the question presented here and we now follow it.

*Id.* 2006 WL 590360, at *1–2.

While the undersigned agrees with Defendants' position, the fact remains that the Court has already ruled on this particular question. Accordingly, to the extent that Defendants Burnett, Bozung, Morris, and Parsons seek to dismiss Plaintiff's complaint pursuant to the total exhaustion rule, the undersigned recommends that Defendants' motion be **denied.**

## CONCLUSION

As discussed herein, the undersigned recommends that *Defendants Burnett, Bozung and Morris' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies,* (dkt.# 30), be **denied.**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

Apr. 6, 2006.