*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0006p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

    *v.*

CHRISTOPHER J. MATEEN,
          *Defendant-Appellee.*

No. 12-4481

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:12-cr-00041-1—Edmund A. Sargus, Jr., District Judge.

Argued: October 11, 2013

Decided and Filed: January 7, 2014

Before: MOORE and McKEAGUE, Circuit Judges; HELMICK, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellant. Kevin M. Schad, FEDERAL PUBLIC DEFENDER'S OFFICE, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellant. Kevin M. Schad, FEDERAL PUBLIC DEFENDER'S OFFICE, Cincinnati, Ohio, for Appellee.

    MOORE, J., delivered the opinion of the court, in which HELMICK, D.J., joined. McKEAGUE, J. (pp. 12–13), delivered a separate dissenting opinion.

_____

[*]The Honorable Jeffrey J. Helmick, United States District Judge for the Northern District of Ohio, sitting by designation.

1

———————————

**OPINION**

———————————

KAREN NELSON MOORE, Circuit Judge. Individuals convicted of possessing child pornography are subject to a sentencing enhancement if they have also been convicted of certain predicate state or federal offenses. In this appeal, we consider whether a state sexual offense that does not necessarily involve a minor or ward can trigger the sentencing enhancement under 18 U.S.C. § 2252(b)(2).

Mateen pleaded guilty to possession of child pornography in interstate commerce and was sentenced to a ten-year statutory maximum term of imprisonment. When calculating Mateen's sentence, the district court concluded that the statutory enhancement for recidivist sexual offenders did not apply to Mateen because his prior conviction for Gross Sexual Imposition did not necessarily involve a minor or ward. The government argues that the district court misconstrued the statute, and that state offenses that do not involve a minor or ward may qualify as predicate offenses for purposes of triggering the sentencing enhancement. We disagree.

Therefore, we **AFFIRM** the district court's judgment concluding that Mateen's prior conviction was insufficient to trigger the sentencing enhancement.

## I. BACKGROUND

After police discovered over 600 images of child pornography on his computer, Christopher Mateen pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). R. 18 (Guilty Plea at 1) (Page ID #31). This was not the first time Mateen had been convicted of a sexual crime. In 2006, he pleaded guilty to Gross Sexual Imposition in violation of Ohio Revised Code § 2907.05. Ohio law provides:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.

(2) For the purpose of preventing resistance, the offender substantially impairs the judgment or control of the person or of one of the other persons by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.

(3) The offender knows that the judgment or control of the other person or of one of the other persons is substantially impaired as a result of the influence of any drug or intoxicant administered to the other person with the other person's consent for the purpose of any kind of medical or dental examination, treatment, or surgery.

(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

(5) The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age.

(B) No person shall knowingly touch the genitalia of another, when the touching is not through clothing, the other person is less than twelve years of age, whether or not the offender knows the age of that person, and the touching is done with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Ohio Rev. Code § 2907.05. The Gross Sexual Imposition statute includes both third - and - fourth degree felonies. *Id.* at § 2907.05(C)(1). Although the judgment from Mateen's state conviction does not specify the subsection on which Mateen's guilty plea rested, it does clarify that Mateen pleaded guilty to a fourth-degree felony. R. 30-1 (Com. Pleas J. Entry at 1) (Page ID #77). The state-court plea colloquy indicates that Mateen's victim on this count was an eight-year-old girl. R. 33-1 (Com. Pleas Plea Colloquy Tr. at 2–4) (Page ID #89–91).

The government sought to apply a statutory sentencing enhancement on the basis of Mateen's prior state conviction for Gross Sexual Imposition. R. 12 (Plea Agreement ¶ 2) (Page ID #18–19). For first-time offenders, violation of § 2252(a)(4) carries a maximum sentence of ten years. 18 U.S.C. § 2252(b)(2). However, the federal statute includes a sentencing enhancement for recidivist offenders. Relevant here, an individual with a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years." *Id.* Mateen reserved the right to contest whether his prior state conviction qualified him for the enhancement. R. 12 (Plea Agreement ¶ 2) (Page ID #19).

The district court determined that the enhancement did not apply and sentenced Mateen to 120 months of imprisonment pursuant to the statutory maximum. R. 39 (Tr. of Sentencing Hr'g at 21–22) (Page ID #154–55). When it construed the statute, the district court concluded that the phrase "involving a minor or ward" modifies all three types of listed conduct: aggravated sexual abuse, sexual abuse, and abusive sexual conduct. R. 36 (D. Ct. Op. at 6) (Page ID #117). The district court acknowledged the government's argument that the disjunctive "or" indicates that a prior conviction need not involve a minor if it relates to aggravated sexual abuse or sexual abuse. *Id.* at 5 (Page ID #116). However, the district court reasoned that the rule of the last antecedent "'is not an absolute and can assuredly be overcome by other indicia of meaning.'" *Id.* (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)). The court noted that the title and chapter in which § 2252 is indexed are labeled "Certain activities relating to material involving the sexual exploitation of minors" and "Sexual Exploitation and other Abuse of Children," respectively, and concluded that these labels are "significant indicia" that "involving a minor or ward" modifies all of the listed conduct in § 2252(b)(2). *Id.* at 6 (Page ID #117).

The district court then used the modified categorical approach articulated in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), to determine that Mateen's prior conviction did not necessarily involve a minor

or ward and therefore did not trigger the sentencing enhancement.  *Id.* at 6–7, 10 (Page ID #117–18, 121).  On appeal, the United States argues that the district court misconstrued the sentencing enhancement statute.

## II.  STATUTORY CONSTRUCTION

The government argues that the district court erroneously construed the sentencing enhancement provision of § 2252(b)(2).  "This court reviews *de novo* a district court's legal conclusion that a prior conviction triggers a mandatory minimum sentence."  *United States v. Gardner*, 649 F.3d 437, 442 (6th Cir. 2011).  The government contends that the phrase "involving a minor or ward" modifies only "abusive sexual conduct," and that state offenses relating to aggravated sexual abuse or sexual abuse need not involve a minor victim to qualify as predicate convictions.  In support of its proffered interpretation, the government makes three arguments:  First, according to the rule of the last antecedent, the grammatical structure of the listed conduct indicates that "involving a minor or ward" modifies only the last of the three listed crimes because "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows."  *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003).  Second, § 2252(b) identifies many predicate federal offenses that do not involve minor victims, and Congress could not reasonably have limited the scope of only the state offenses that qualify as predicates.  Third, the listed state crimes parallel the titles of three federal crimes listed as valid predicates:  18 U.S.C. § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), and § 2243 (sexual abuse of a minor or ward).  The government also noted that our sister circuits that have considered this question have uniformly adopted the government's construction of the statute.  *See United States v. Spence*, 661 F.3d 194, 197 (4th Cir. 2011); *United States v. Hubbard*, 480 F.3d 341, 350 (5th Cir. 2007); *United States v. Rezin*, 322 F.3d 443, 447–48 (7th Cir. 2003).

Although we find the statutory construction embraced by our sister circuits at least plausible, this Circuit has already considered the proper construction of the statutory language at issue, and we have held that the phrase "involving a minor or

ward" modifies aggravated sexual abuse, sexual abuse, and abusive sexual conduct. *United States v. Gardner*, 649 F.3d 437 (6th Cir. 2011). The prior panel's statutory interpretation is a binding holding because it was essential to its decision. *See Town of Smyrna v. Mun. Gas Auth. of Ga.*, 723 F.3d 640, 649 (6th Cir. 2013).

In *Gardner*, the panel considered whether a defendant's prior conviction for sexual battery under Virginia law triggered the application of a sentencing enhancement under 18 U.S.C. §2252A(b)(1).[1] Analyzing the recidivist sentencing enhancement provision, the panel articulated the issue as "whether Gardner has a prior conviction in Virginia for sexual abuse involving a minor that should trigger the mandatory minimum." *Gardner*, 649 F.3d at 442. The panel then turned to the *Taylor-Shepard* two-step process for determining when a prior offense is a predicate for a federal sentencing enhancement: First, it reasoned that the statutory language alone did not support an enhancement because the state statute underlying Gardner's prior conviction "does not require, as an element of the offense, that the complaining witness be a minor." *Id.* at 443. Next, it concluded that the indictment did not "establish[] that Gardner's prior conviction necessarily related to conduct involving a minor or ward." *Id.* at 444.

Although the panel did not discuss statutory construction at length, its interpretation of the statute was essential to its decision. The panel clearly found that Gardner's prior conviction related to sexual abuse because "an element of sexual battery—for which Gardner was convicted—is that the accused sexually abuses the complaining witness." *Id.* (internal quotation marks omitted). It would have had no reason to reject the sentencing enhancement unless it had concluded that "involving a minor or ward" modifies "sexual abuse." Therefore, we cannot adopt the government's interpretation to the contrary.

---

[1]The sentencing enhancement provisions in § 2252 and § 2252A contain identical language. Both impose lengthened sentences on individuals who violate the statute and also have prior convictions "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." Because the "normal rule of statutory construction [is] that identical words used in different parts of the same act are intended to have the same meaning," *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2004–05 (2012) (internal quotation marks omitted), we may apply the *Gardner* panel's statutory interpretation to § 2252.

Even if we did find the arguments advanced by the government convincing, we are nonetheless bound by the statutory construction adopted in *Gardner*. *See Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010) ("This panel is without authority to overrule binding precedent, because a published prior panel decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."). This panel cannot reject the *Gardner* panel's decision merely because we believe the issue was not well-considered:

> We are not free to pick and choose the portions of a prior published decision that we will follow and those that we will disregard. Nor do we enjoy greater latitude in situations where our precedents purportedly are tainted by analytical flaws . . . . Rather, we are bound by the published opinions of previous panels, and this rule encompasses all parts of a prior ruling that are properly construed as holdings rather than dicta.

*Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003). Indeed, "concerns about maintaining settled law are strong when the question is one of statutory interpretation." *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 899 (2007) (concluding that the interests underlying *stare decisis* were not as strong when interpreting the Sherman Act because the Supreme Court treats it as a "common-law statute").

Nor is it relevant that the parties never briefed the proper construction of the sentencing enhancement provision before this panel or the district court below. "[Q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006) (internal quotation marks omitted) (concluding that a prior court "definitively answered the question presented" because it interpreted the Prison Litigation Reform Act as requiring total exhaustion of administrative remedies, and the interpretation was necessary to its decision to dismiss a prisoner's complaint that alleged both exhausted and unexhausted

claims). However, a court's disposition of an issue is not dicta merely because the parties failed to raise it. *United States v. Wynn*, 579 F.3d 567, 577 (6th Cir. 2009).

In *Wynn*, the government argued that a prior case, *Bartee*, addressed whether a presentence report ("PSR") could be used as a *Shepard* document only in dicta because in the prior case the parties never argued that the PSR was an appropriate document to consider. The Court reasoned:

> Any failure of the government to raise a *Shepard* argument in *Bartee* does not render *Bartee's* PSR analysis dicta. . . . In *Bartee*, in order to convince the district court to treat the defendant's prior conviction as a crime of violence, the government urged the district court to use common sense to infer that since the defendant had sexual contact with Angela while soliciting a minor, Angela must have been that minor and, therefore, the sexual contact must have been with a minor. As the panel noted, this inference could only have been drawn by considering the underlying facts of conviction contained in the PSR. If it were appropriate for the district court to look at the PSR and draw the necessary inference, then the *Bartee* panel would have had no reason to vacate the sentence. However, reliance on the PSR by the district court would be appropriate only if the PSR were a *Shepard* document. Thus, a necessary precursor to the panel's decision to vacate the defendant's sentence in *Bartee* was its determination that a PSR is not a *Shepard* document, regardless of whether the government specifically made a *Shepard* argument.

*Id.* (internal quotation marks and citations omitted). Likewise, as discussed above, the *Gardner* panel's statutory construction is essential to its decision and binding on this panel. Thus, it is immaterial whether the parties before the *Gardner* court raised the issue, or whether the panel itself explained its analysis, because the panel's statutory interpretation was a "necessary precursor" to its decision. *See Wynn*, 579 F.3d at 577. We must construe the sentencing enhancement provision as requiring that all three listed state crimes involve a minor or ward.

### III. MODIFIED CATEGORICAL APPROACH

Having settled the proper construction of the sentencing enhancement provision at issue, we next determine whether Mateen's Gross Sexual Imposition conviction

qualifies as a predicate offense. This court uses the modified categorical framework articulated in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), to assess whether a prior state conviction triggers a sentencing enhancement provision[2]:

> First, a sentencing court may look only to the statutory definition of the prior offense, and not to the particular facts underlying that conviction, to determine whether a prior conviction qualifies for a federal sentencing enhancement. If the statutory definition embraces both qualifying and non-qualifying crimes or is otherwise ambiguous, the court, second, may look to the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information to determine whether the qualifying or non-qualifying aspect of the statute was violated.

*United States v. Ferguson*, 681 F.3d 826, 832 (6th Cir. 2012) (internal quotation marks and alterations omitted). Under this inquiry, the factual basis for the conviction is relevant only insofar as it assists the court in identifying which alternative elements of the statute were violated: "The modified approach thus acts not as an exception, but instead as a tool. It retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements with the generic offense's." *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013).

The district court correctly applied the *Taylor-Shepard* framework to conclude that Mateen's fourth-degree felony conviction for Gross Sexual Imposition did not qualify as a state offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). First, the district court correctly concluded that Ohio's Gross Sexual Imposition statute is divisible because it "embraces both qualifying and non-qualifying crimes" in that only some subsections require a minor victim. R. 36 (D. Ct. Op. at 6) (Page ID #117). Second, the

---

[2]We have previously applied the *Taylor-Shepard* framework to sentencing enhancement provisions in § 2252A(b)(1), *Gardner*, 649 F.3d at 443, and § 2252A(b)(2), *Ferguson*, 681 F.3d at 832, and we now extend its application to the identical provision in § 2252(b)(2).

district court examined the state-court Judgment Entry, R. 30-1 (Com. Pleas J. Entry) (Page ID #77-81).  While the Judgment Entry does not specify the subsection to which Mateen pled guilty, it does indicate that Mateen entered a guilty plea to "Gross Sexual Imposition, in violation of RC 2907.05, a felony of the fourth degree."  *Id.* (Page ID #77).  Subsections (A)(1)-(3) and (5) are felonies of the fourth degree, *see* § 2907.05(C)(1), and none of these subsections includes the age of the victim as an element of the offense.

We may not consider factual material contained in the charging documents that does not directly assist us in determining to which elements of a charge the defendant pleaded guilty.  *Gardner*, 649 F.3d at 444; *United States v. Armstead*, 467 F.3d 943, 949 (6th Cir. 2006) ("[We] limit our examination of the original indictments to the elements of the charges that are essential to defendant's plea of guilty."); *United States v. Arnold*, 58 F.3d 1117, 1124 (6th Cir. 1995).  The Supreme Court has repeatedly emphasized the narrow purpose of the factual review permitted under the modified categorical approach: "It [is] not to determine what the defendant and state judge must have understood as the factual basis of the prior plea, but only to assess whether the plea [is] to the version of the crime . . . corresponding to the generic offense."  *Descamps*, 133 S. Ct. at 2284 (internal quotation marks omitted); *see also United States v. Soto-Sanchez*, 623 F.3d 317, 320 (6th Cir. 2010) (reasoning that supplemental records may be used "only to determine *which* crime within a statute the defendant committed, not *how* he committed the crime") (internal quotation marks omitted).  Therefore, to the extent that the transcript of the state-court plea colloquy contains factual material identifying the victim of Mateen's prior conviction as an eight-year-old girl, the district court correctly disregarded that information because it was not essential to Mateen's guilty plea to fourth-degree felony Gross Sexual Imposition or an element of the offense.  *See Gardner*, 649 F.3d at 444 (disregarding references to the victim's age during its analysis of whether the charging documents established that "Gardner's prior conviction necessarily related to conduct involving a minor or ward").

Thus, the district court correctly determined that Mateen's prior state conviction did not qualify as a predicate offense, and that the sentencing enhancement provision did not apply to Mateen.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** Mateen's sentence.

---

**DISSENT**

---

McKEAGUE, Circuit Judge, dissenting.  Whether "involving a minor" modifies all three terms in 18 U.S.C. § 2252(b)(2) was not actually considered in *United States v. Gardner*, 649 F.3d 437, 443 (6th Cir. 2011).  For this basic reason, I disagree with the majority that *Gardner* is controlling precedent. Considered on the merits as an issue of first impression in this circuit, it is clear that "involving a minor" only modifies "sexual conduct."  This court should therefore consider whether Mateen's prior conviction involved a crime of "sexual abuse," not merely whether it was a crime of "sexual abuse involving a minor."  In my opinion, Mateen's gross sexual imposition conviction qualifies as "sexual abuse," and therefore, a sentence enhancement is appropriate. For the following reasons, I respectfully dissent.

To be clear, I am not disregarding the *Gardner* court's decision because the issue of whether "involving a minor" modifies the other statutory terms was not well-considered, but rather because the issue was not considered or decided at all.  If it had been, surely the *Gardner* court would have made some reference, any reference, however fleeting, to statutory construction or to its rationale for applying "involving a minor" to all of the terms.  The opinion is devoid of any discussion.  If the court intended to decide the issue, it surely would have explained, even passingly, why it reached an interpretation at odds with every other circuit to have considered the issue. *See, e.g.*, *United States v. Spence*, 661 F.3d 194, 197 (4th Cir. 2011) (reviewing the same terms found in 18 U.S.C. § 2252A(b)(2)); *United States v. Hubbard*, 480 F.3d 341, 350 (5th Cir. 2007) (reviewing the same terms found in 18 U.S.C. § 2252A(b)(1)); *United States v. Rezin*, 322 F.3d 443, 447–48 (7th Cir. 2003) (reviewing the terms found in 18 U.S.C. § 2252(b)(2)).  Again, there is no discussion.  We are not normally in the habit of haphazardly creating circuit splits. Considering the lack of discussion or analysis on this point in *Gardner*, there is no compelling reason to depart from the persuasive authority of our sister circuits and to needlessly create a circuit split.

Everything points to one conclusion: as the issue was not contested, the *Gardner* court simply did not consider the issue directly and it assumed that "involving a minor" modified the term "sexual abuse." As the majority correctly notes, "[Q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006). This is precisely why both parties at oral argument acknowledged that *Gardner* had not addressed whether "involving a minor" modified the other terms and therefore was not controlling. Construing an unconsidered assumption, neither briefed nor argued by the parties, as the essential and binding holding of a case makes bad law. The plain language and structure of the statute, the grammatical rule of the last antecedent, and the parallel structure between the state and federal offenses strongly indicate that "involving a minor" only modifies "sexual conduct." When reviewed de novo, as this issue should have been, this conclusion is apparent

I am sensitive to the need to respect prior precedent and stare decisis, and I acknowledge the present case tests the murky boundaries between dictum and holding as well as the effect given to a judicial assumption. But it should be recalled that stare decisis means "to stand by things *decided*." Black's Law Dictionary (9th ed. 2009) (emphasis added). The unaddressed issues in the present case were not actually decided or implicitly held. This is not an instance where a court extensively discussed two out of three prongs of a test and then determined in a conclusory fashion that the test was satisfied, leaving subsequent courts to conclude that the third prong was also satisfied. As there is no indication, apart from the majority's unsupported inferential leap, that the *Gardner* court addressed and decided that "involving a minor" modified all three terms in 18 U.S.C. § 2252(b)(2), *Gardner*'s unconsidered application of that understanding is not binding precedent on this point. Moreover, because the uniform, careful, and thorough reasoning adopted by our sister circuits is persuasive, I would adopt their interpretation as the law of the Sixth Circuit, and accordingly, the sentence enhancement in this case should have been applied. For these reasons, I respectfully dissent.