McKEAGUE, Circuit Judge,
dissenting.
Whether “involving a minor” modifies all three terms in 18 U.S.C. § 2252(b)(2) was not actually considered in United States v. Gardner, 649 F.3d 437, 443 (6th Cir.2011). For this basic reason, I disagree with the majority that Gardner is controlling precedent. Considered on the merits as an issue of first impression in this circuit, it is clear that “involving a minor” only modifies “sexual conduct.” This court should therefore consider whether Mateen’s prior conviction involved a crime of “sexual abuse,” not merely whether it was a crime of “sexual abuse involving a minor.” In my opinion, Mateen’s gross sexual imposition conviction qualifies as “sexual abuse,” and therefore, a sentence enhancement is appropriate. For the following reasons, I respectfully dissent.
To be clear, I am not disregarding the Gardner court’s decision because the issue of whether “involving a minor” modifies the other statutory terms was not well-considered, but rather because the issue was not considered or decided at all. If it had been, surely the Gardner court would have made some reference, any reference, however fleeting, to statutory construction or to its rationale for applying “involving a minor” to all of the terms. The opinion is devoid of any discussion. If the court intended to decide the issue, it surely would have explained, even passingly, why it reached an interpretation at odds with every other circuit to have considered the issue. See, e.g., United States v. Spence, 661 F.3d 194, 197 (4th Cir.2011) (reviewing the same terms found in 18 U.S.C. § 2252A(b)(2)); United States v. Hubbard, 480 F.3d 341, 350 (5th Cir.2007) (reviewing the same terms found in 18 U.S.C. § 2252A(b)(l)); United States v. Rezin, 322 F.3d 443, 447-48 (7th Cir.2003) (reviewing the terms found in 18 U.S.C. § 2252(b)(2)). Again, there is no discussion. We are not normally in the habit of haphazardly creating circuit splits. Considering the lack of discussion or analysis on this point in Gardner, there is no compelling reason to depart from the persuasive authority of our sister circuits and to needlessly create a circuit split.
Everything points to one conclusion: as the issue was not contested, the Gardner court simply did not consider the issue directly and it assumed that “involving a minor” modified the term “sexual abuse.” As the majority correctly notes, “[Q]ues-tions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.” Rinard v. Luoma, 440 F.3d 361, 363 (6th Cir.2006). This is precisely why both parties at oral argument acknowledged that Gardner had not addressed whether “involving a minor” modified the other terms and therefore was not controlling. Construing an unconsidered assumption, neither briefed nor argued by the parties, as the essential and binding holding of a case makes bad law. The plain language and structure of the statute, the grammatical rule of the last antecedent, and the parallel structure between the state and federal offenses strongly indicate that “involving a minor” only modifies “sexual conduct.” When re *309 viewed de novo, as this issue should have been, this conclusion is apparent
I am sensitive to the need to respect prior precedent and stare decisis, and I acknowledge the present case tests the murky boundaries between dictum and holding as well as the effect given to a judicial assumption. But it should be recalled that stare decisis means “to stand by things decided." Black’s Law Dictionary (9th ed.2009) (emphasis added). The unaddressed issues in the present case were not actually decided or implicitly held. This is not an instance where a court extensively discussed two out of three prongs of a test and then determined in a conclusory fashion that the- test was satisfied, leaving subsequent courts to conclude that the third prong was also satisfied. As there is no indication, apart from the majority’s unsupported inferential leap, that the Gardner court addressed and decided that “involving a minor” modified all three terms in 18 U.S.C. § 2252(b)(2), Gardner’s unconsidered application of that understanding is not binding precedent on this point. Moreover, because the uniform, careful, and thorough reasoning adopted by our sister circuits is persuasive, I would adopt their interpretation as the law of the Sixth Circuit, and accordingly, the sentence enhancement in this case should have been applied. For these reasons, I respectfully dissent.