**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0260n.06

Case Nos. 18-5183/5197

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 08, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| JUAN MORRIS, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

**O P I N I O N**

**BEFORE: MOORE, McKEAGUE, and READLER, Circuit Judges.**

**McKeague, Circuit Judge.** Juan Morris pled guilty to violating federal drug and firearm laws. When he entered his plea, he had prior convictions under Tennessee law, including one for aggravated burglary. Because of these prior convictions, Mr. Morris got a higher federal sentence under the Armed Career Criminal Act (ACCA).

This court, sitting en banc, later held that Tennessee aggravated burglary was too broad to qualify as a predicate offense for ACCA enhancements. Based on this en banc decision, the district court subsequently reduced Morris's sentence. But our en banc decision was later reversed by the Supreme Court. So now, the government wants Morris's old, ACCA-enhanced sentence reinstated. Morris, for his part, offers some new reasons for keeping the reduced sentence. We are not persuaded by his new reasons, so we VACATE the judgment of the district court and REMAND for the court to reinstate Morris's original sentence.

## I.       Background and Procedural History

In 2009, Juan Morris pled guilty to one count of conspiring to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). At the time of the guilty plea, Morris had one Tennessee conviction for aggravated burglary and two Tennessee convictions for robbery. Based on those prior convictions, Morris was eligible for a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Applying the ACCA enhancement, the district court sentenced Morris to two concurrent terms of 235 months' imprisonment.

Then in 2016, Morris filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He alleged that, among other things, he was no longer eligible for an ACCA enhancement after *Johnson v. United States* invalidated ACCA's residual clause. 135 S. Ct. 2551, 2563 (2015). Specifically, he claimed that Tennessee aggravated burglary was not generic "burglary" under ACCA because its definition of "habitation" was too broad. The district court stayed the proceedings related to Morris's § 2255 motion, pending this court's resolution of this exact issue in *Stitt*.

In *United States v. Stitt*, this court, in a divided en banc decision, held that Tennessee aggravated burglary did not categorically constitute "burglary" for ACCA purposes. 860 F.3d 854, 858 (6th Cir. 2017) (en banc) (*Stitt I*). Drawing on Supreme Court precedents on ACCA burglary, the court concluded that the Tennessee statute was too broad because it defined "habitation" to include mobile homes, trailers, tents, and self-propelled vehicles that were "designed or adapted for the overnight accommodation of persons." *Id.* (quoting Tenn. Code Ann. § 39-14-401(1)).

After our court's decision in *Stitt I*, the district court granted Morris's § 2255 motion and reduced his sentence to 115 months. The government acknowledged that Morris was eligible for

relief under *Stitt I*, but it maintained that *Stitt I* was wrongly decided and was continuing to litigate the issue. The government noted its objection in order to preserve it for appellate review, in the event that the Supreme Court reversed the Sixth Circuit decision in *Stitt*.

It did. The Supreme Court unanimously held that the relevant provision of the Tennessee aggravated burglary statute—the definition of "habitation"—fell within the scope of generic burglary under ACCA. *United States v. Stitt*, 139 S. Ct. 399, 406 (2018) (*Stitt II*). Thus, the Court vacated the en banc decision that formed the entire basis for the district court's granting of Morris's § 2255 motion. The government had appealed Morris's modified sentence—again anticipating a possible *Stitt* reversal. Unsurprisingly, the government now requests that Morris's original sentence be reinstated. Morris concedes that *Stitt* no longer provides him relief, but he provides several alternative grounds for affirming the reduced sentence.

## II. Standard of Review

The district court granted Morris's motion under 28 U.S.C. § 2255(a), which allows a sentencing court to "vacate, set aside or correct the sentence" if, among other things, "the sentence was in excess of the maximum authorized by law." When presented with a district court's grant of a § 2255 motion, we review the district court's factual determinations for clear error and its legal conclusions de novo. *Davis v. United States*, 900 F.3d 733, 735 (6th Cir. 2018). Whether a prior conviction qualifies as an ACCA predicate offense is just such a legal conclusion. *Id.*

## III. Discussion

Morris provides several alternative grounds for affirming his reduced sentence, citing our authority to affirm for other reasons supported by the record. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). First, he claims the "invited error" doctrine hamstrings the government's *Stitt* argument. Second, he offers two non-*Stitt* reasons why Tennessee aggravated

burglary is broader than ACCA generic burglary. Finally, he argues that there is insufficient evidence that his ACCA predicate offenses occurred on different occasions. Each argument fails.

## A. *The "Invited Error" Doctrine*

Morris first claims that the "invited error" doctrine should preclude the government from relying on the Supreme Court's decision in *Stitt*. Under the invited-error doctrine, a party generally cannot "complain on appeal of errors that he himself invited or provoked the court or the opposite party to commit." *United States v. Howard*, 947 F.3d 936, 945 (6th Cir. 2020) (quoting *United States v. Sharpe*, 996 F.2d 125, 129 (6th Cir. 1993)). Put differently, you can't complain about a result you caused. 21 Kenneth W. Graham, Jr., *Federal Rules of Evidence: Federal Practice & Procedure* § 5039.2 (2d ed. Apr. 2020 update). According to Morris, because the government represented to the district court that Tennessee aggravated burglary was not a violent felony under ACCA, it cannot now come to the appellate court and argue the opposite.

The problem here is there was no error to invite. When the government said that Tennessee aggravated burglary was not a violent felony under ACCA, it was merely pointing out that binding precedent controlled the outcome of Morris's case. And at the time, that was true. Our court's decision in *Stitt I* did control the case and establish Morris's right to relief. But there has been an intervening change in the law in the form of *Stitt II*. Morris cites no authority for the proposition that a party "invites error" when he tells the court to apply then-binding precedent, especially where he nevertheless contends the precedent is wrongly decided and declares his intention to continue litigating the issue. Nor does Morris cite any authority for the proposition that we now have to ignore an intervening change in the law. Thus, his invited-error argument fails.

B. *Tennessee Aggravated Burglary and ACCA Generic Burglary*

Putting *Stitt* to the side, Morris provides several alternative reasons why Tennessee aggravated burglary is not an ACCA predicate offense. He first argues that Tennessee's definition of "entry" in its aggravated burglary statute makes the offense broader than generic burglary under ACCA. He then argues that Tennessee burglary is too broad to constitute generic ACCA burglary because it covers merely reckless conduct. Our precedent forecloses both arguments.

We begin with the basic framework for these types of challenges. Under ACCA, certain defendants can have their sentences enhanced if they have three prior convictions for a "violent felony." 18 U.S.C. § 924(e). The statute enumerates some offenses that count as violent felonies: "burglary, arson, [and] extortion." *Id.* § 924(e)(2)(B)(ii). This is often called the "enumerated offense clause." To determine whether a prior conviction counts as an ACCA predicate under the enumerated offense clause, we use the "categorical approach." *Descamps v. United States*, 570 U.S. 254, 257 (2013). That means we "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Id.* So, for Tennessee aggravated burglary, we would compare the elements of the Tennessee statute to the elements of "generic" burglary, which the Supreme Court has defined as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). A conviction for Tennessee aggravated burglary "qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of" generic burglary under *Taylor*. *Descamps*, 570 U.S. at 257.

*Definition of "Entry."* First, Morris argues that Tennessee aggravated burglary is broader than generic burglary under ACCA because its definition of "entry" is so broad that even some attempted burglaries are criminalized under it. But that exact argument was presented to and

rejected by this court in *Brumbach v. United States*, 929 F.3d 791, 795 (6th Cir. 2019), *cert. denied* 140 S. Ct. 974 (2020). Morris even admits this. *Brumbach* reaffirmed that Tennessee aggravated burglary qualifies as generic burglary under ACCA. *Id.* And we as a panel cannot overturn that decision. *See, e.g.*, *United States v. Brown*, --- F.3d ---, No. 18-5356, 2020 WL 1966845, at *3 (6th Cir. Apr. 24, 2020); *Ogle v. Ohio Civil Serv. Emps. Ass'n*, 951 F.3d 794, 796 (6th Cir. 2020) (per curiam).

*Mens Rea for Tennessee Burglary*. Next, Morris argues that Tennessee's definition of burglary is broader than ACCA generic burglary because it can cover merely reckless conduct. This would be a problem, according to Morris, because the individual would never form the "intent" to commit a crime, as is required under *Taylor*. The argument refers to Tennessee's generic burglary statute:

> (a) A person commits burglary who, without the effective consent of the property owner:
>> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
>> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
>> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
>> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a). Granted, Morris was convicted of aggravated burglary. But Tennessee aggravated burglary incorporates the generic burglary statute: "Aggravated burglary is burglary of a habitation as defined in [Tenn. Code Ann.] §§ 39-14-401 and 39-14-402." Tenn. Code Ann. § 39-14-403(a).

Morris directs his argument at subsections (a)(1), (a)(2), and (a)(3). Once again, he runs headlong into binding precedent. We have already examined that exact statutory language and

concluded that all three variants count as ACCA burglary under *Taylor*. *United States v. Priddy*, 808 F.3d 676, 684–85 (6th Cir. 2015) ("We find that the first three variants of Tennessee burglary, i.e., Tenn. Code Ann. § 39–14–402(a)(1), (a)(2), and (a)(3), qualify as generic burglary . . . ."). And we have reaffirmed this holding after *Stitt II*. *Brumbach*, 929 F.3d at 794–95. So that argument fails, too.

## C.  *Different Occasions*

Morris's last argument is that there is insufficient evidence to conclude that the three convictions forming the basis of his ACCA enhancement occurred on separate occasions. The government argues that this argument is untimely. But even if it were timely, it's meritless.

ACCA requires that the three predicate convictions be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Under Sixth Circuit precedent, we can examine certain state court documents, including charging documents, to determine whether ACCA predicate offenses occurred on different occasions. *Brown*, 2020 WL 1966845, at *8; *United States v. King*, 853 F.3d 267, 273 (6th Cir. 2017); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005). And based on the charging documents, Morris did commit the aggravated burglary and two robberies on three different occasions. The aggravated burglary occurred on October 31, 1995. The two robberies occurred on July 2, 2001 and July 14, 2001.[1]

Morris does not claim the dates on these charging documents are inaccurate. Instead, he argues that we are required to ignore the dates. According to this view, we can examine things like charging documents only to determine "elemental facts"—that is, the facts that the state court necessarily found as elements of the conviction. And because the date of the offense is not an

---

[1] These state court records were not before the district court, but it is proper for us to take judicial notice of them. *See United States v. Ferguson*, 681 F.3d 826, 834–35 (6th Cir. 2012).

element of aggravated burglary under Tennessee law, according to Morris, the court cannot rely on the dates listed on the documents to enhance his sentence under ACCA.

Yet again, binding precedent controls this issue. Confronted with this exact question, we held in *United States v. Hennessee* that "a district court may consider both elemental and non-elemental facts contained in *Shepard*-approved documents to determine whether prior felonies were committed on occasions different from one another for purposes of the ACCA." 932 F.3d 437, 444 (6th Cir. 2019), *cert. denied* 140 S. Ct. 896 (2020). Again, Morris recognizes this. Considering the facts in the charging documents, as is allowed under *Hennessee*, we conclude that Morris's offenses were committed on different occasions.

## IV. Conclusion

After *Stitt II*, Mr. Morris is again eligible for a sentencing enhancement under the Armed Career Criminal Act. For the reasons outlined above, we VACATE the judgment of the district court and REMAND for the court to reimpose the original sentence.

**KAREN NELSON MOORE, Circuit Judge, concurring.** I recognize that we are bound by *Brumbach v. United States*, 929 F.3d 791 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 974 (2020), which resuscitated the sweeping holding in *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007), that Tennessee aggravated burglary is within the definition of generic burglary—even if a defendant raises arguments that we have never considered. *See Brumbach*, 929 F.3d at 794. Indeed, panels of this court have wielded *Brumbach* to parry such arguments, asserting that *Brumbach* forecloses their consideration. *See e.g.*, *United States v. Burrus*, --- F. App'x ---, No. 19-6090, 2020 WL 1862308, at *2 (6th Cir. Apr. 14, 2020). This court recently offered its own riposte to the onslaught of post-*Stitt*[1] appeals, invoking *Brumbach* to rebuff the defendant's arguments, identical to those raised by Defendant-Appellee Juan Morris, but then proceeding in dicta to evaluate those arguments on the merits. *See United States v. Brown*, --- F.3d ---, No. 18-5356, 2020 WL 1966845, at *3 (6th Cir. Apr. 24, 2020). I maintain that *Brumbach* was wrong the day it was decided, warranting en banc review. But as long as *Brumbach* is the law of the circuit, we must consistently apply it.

Powerful constitutional principles and jurisprudential considerations establish that we are bound only by holdings, not dicta. *See Wright v. Spaulding*, 939 F.3d 695, 700–01 (6th Cir. 2019). As I have stated before, *Nance* lacked binding force over the entry issue until *Brumbach* reinvigorated *Nance* because this issue and any other novel arguments were at best "questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon." *United States v. Bawgus*, 782 F. App'x 408, 412 (6th Cir. 2019) (Moore, J., concurring in judgment) (quoting *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006)); *United States v. Hamilton*, 774 F. App'x 283, 285 (6th Cir. 2019) (Moore, J., concurring in judgment) (same).

---

[1] *United States v. Stitt*, 139 S. Ct. 399 (2018).

In *Wright*, the panel recently reaffirmed this rule, 939 F.3d at 702 (quoting *Rinard*, 440 F.3d at 363), to the extent that a rule so well-established needs reaffirmance, *see Cohens v. Virginia*, 19 U.S (6 Wheat.) 264, 399–400 (1821) (explaining that if statements "go beyond the case, they may be respected, but ought not to control the judgment of a subsequent suit when the very point is presented for decision"). Yet in *Brumbach* we concluded that we are bound by *Nance*'s overbroad announcement of its holding without considering what issues were actually decided in *Nance*.

Nevertheless, *Brumbach* binds us and thus requires us to reject outright previously unconsidered arguments that aggravated burglary in Tennessee is not a generic burglary. In *Brown*, the panel appeared to apply *Brumbach* to reject the same entry argument that we found to be foreclosed by *Nance* in *Brumbach*. *Brown*, 2020 WL 1966845, at *2. But the panel continued, stating that the presented arguments were "weighty enough to warrant a response from this court on the merits too." *Id.* at *3. The fact that the defendant in *Brown* pointed to the Tennessee aggravated-burglary statute was all that was required to reject his appeal pursuant to *Brumbach*. *Cf. Wright*, 939 F.3d at 701 (distinguishing between cases "in which a court *decides* one issue and merely *opines* about another"). Indeed, we do no more in this case. Until this court grants en banc review, we must follow *Brumbach*, no matter how "weighty" the underlying substantive issues or how thoughtfully the issues are addressed.